No. 24,406.

JOHN G. SNELLING, *Appellant,* v. THE MARION COUNTY STATE BANK, *Appellee.*

SYLLABUS BY THE COURT.

ACTION — *Recovery of Money — Evidence — Verdict Properly Directed.* The petition in an action for the recovery of money, and the proof offered in support of it, considered, and *held,* the district court properly directed a verdict for the defendant.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed April 7, 1923. Affirmed.

*John Madden, John Madden, jr.,* and *J. T. Rogers,* all of Wichita, for the appellant.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one on an oral contract by the defendant to return money to the plaintiff under certain circumstances. The district court directed a verdict in favor of the defendant, and the plaintiff appeals.

Van Unger was agent of the Associated Mill & Elevator Com-

pany, a trust, to receive subscriptions to shares or units in the trust for the building and equipment of an elevator at Florence. The petition alleged the plaintiff had an oral agreement with Van Unger that all money received on subscriptions was to be deposited in the Marion County State Bank, to be held by it for the benefit of subscribers and of the company, and if the proposed elevator were not built and equipped within a specified time the plaintiff's subscription was to be returned to him by the bank. The petition alleged further that it was orally egreed between the plaintiff and the bank that if the plaintiff subscribed for shares or units of the trust the money he paid would be held on deposit by the bank, and if the elevator were not completed in due time the bank would return to the plaintiff the amount of his subscription. The petition continued as follows:

"That plaintiff was a customer of said defendant bank and had money on deposit therein, and relying upon said oral agreement of said bank, the plaintiff did, on the second day of April, 1921, draw his check on said bank for the sum of $1,000. Said check was made payable to the order of the Marion County State Bank and delivered to said J. H. Van Unger in reliance upon said oral agreement of said bank, and in purchase of ten shares or units of stock in said Associated Mill & Elevator Company. Thereafter said Van Unger delivered said check to the defendant bank, and, in due time said bank cashed said check and received the proceeds thereof, to be held in trust by said bank in accordance with said oral agreement."

There was no allegation in the petition that the bank was privy to plaintiff's agreement with Van Unger.

At the trial the plaintiff testified his agreement with Van Unger was that his money was to be deposited with the Florence State Bank, a bank other than the defendant, the Marion County State Bank. On April 13, the elevator company delivered to the defendant a written instrument reciting that, in consideration of stock subscriptions, the elevator company agreed to build an elevator at Florence, and in the event the elevator were not built the elevator company—not the defendant—agreed to return subscriptions to subscribers, should they so desire. The plaintiff testified this instrument was the understanding between himself and Van Unger. Later in the trial, the plaintiff testified nothing was said in his conversation with Van Unger about the elevator company returning the money, and testified the money was to be placed in the Marion County State Bank. Whatever the arrangement between the plaintiff and Van Unger may have been, the plaintiff testified he made

his subscription on Van Unger's representation.  He did not change that testimony, and at no time did he testify that he made his subscription and drew his check relying on representation or agreement of the defendant.  On the other hand, the plaintiff testified that three or four days after he had delivered his check to Van Unger, he called at the bank to have a talk with Downs, assistant cashier, about the elevator subscriptions and money, and Downs said: "The money is here in the bank, and we will take care of it."  Further testimony of the plaintiff on this subject is abstracted as follows:

"After the making of the check and delivery of same to Van Unger, he had a conversation with the officials of the defendant bank in relation to the money paid on subscription to the Associated Mill & Elevator Company. . . . He asked Downs what he thought of the elevator proposition.  Downs replied he thought it was all right, and added there was one thing sure—the bank would take care of the money and notes, and would return same if the elevator was not built according to contract."

The result was, the defendant disproved the cause of action stated in his petition.

It needs no citation of authority to show that the plaintiff's conversation with Downs did not create a new contract.  The only use which the plaintiff might have made of the conversation would have been as one element of estoppel, if other necessary elements existed; but he chose to plead an agreement made several days before the conversation occurred.  If the plaintiff had resorted to estoppel, he would have been in difficulty.  Under cross-examination he admitted he had sued the elevator company to recover his subscription, and the ground of recovery stated in the petition in that suit was that the plaintiff made his subscription and paid his money, relying on the written agreement between the elevator company and the bank, that the elevator company would return the money if the elevator were not built.

In his brief the plaintiff discusses the subject of ratification.  That subject bears no closer relation to the issues tendered by the petition than the evidence introduced in support of those issues, and a verdict for the defendant was properly directed.

The judgment of the district court is affirmed.